J-S07034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| IN RE: GREGORY DUNBAR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: GREGORY DUNBAR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1098 MDA 2024 |

Appeal from the Order Entered July 3, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-MD-0000855-2023

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:          **FILED: MAY 9, 2025**

Appellant, Gregory Dunbar, appeals *pro se* from the order entered in the Cumberland County Court of Common Pleas, which denied his "petition for review" of the Cumberland County District Attorney's Office's ("DA's Office") disapproval of his private criminal complaint.  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On November 6, 2023, [Appellant], at all relevant times an inmate of the Pennsylvania Department of Corrections, lodged a private criminal complaint with the [DA's Office], alleging that one Becky Metrick, a journalist associated with the news outlet Penn Live, had published an inaccurate article about him several years earlier and in so doing had violated 18 Pa.C.S. § 4120 (Identity Theft), 18 Pa.C.S. § 5101 (Obstructing Administration of Law), 18 Pa.C.S. § 5301 (Official Oppression), and 18 Pa.C.S. § 7661 (Unlawful Transmission of Electronic Mail).   More specifically, [Appellant] alleges that Ms. Metrick falsely accused him of having been convicted of rape and murder (when, in fact,

he had been convicted of rape and attempted murder) and of having "sued to have pornography in his prison cell." On November 7, 2023, Assistant District Attorney Evan Shircliffe disapproved the complaint, citing insufficient evidence.

[On November 20, 2023, Appellant filed a petition for review of the DA's Office's disapproval of the private criminal complaint. The court heard argument on the petition for review on March 28, 2024. In the petition for review, Appellant] contends (i) that a conflict of interest existed such that the DA should not have addressed the complaint in the first instance but rather referred it to the Attorney General and, in the alternative, that the DA's disapproval was improper (ii) for want of investigation of the alleged facts and (iii) because the DA expressed its disapproval by letter rather than by "stating the reasons on the complaint form." Pa.R.Crim.P. 506(B)(2). …

(Trial Court Opinion, filed 7/3/24, at 1-2) (internal footnotes omitted). On July 3, 2024, the trial court denied Appellant's petition for review. Appellant timely filed a notice of appeal on August 1, 2024, pursuant to the prisoner mailbox rule. On August 7, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) within 21 days, or face waiver of all claims on appeal. Appellant did not comply with the court's order.

Appellant raises two issues for our review:

1. Did [the trial] court abuse its discretion by Commonwealth's failure to comply with rule 506(b)(2)?

2. Did an actual Conflict of Interest with District Attorney render the process void?

(Appellant's Brief at 2).

As a preliminary matter, we must address Appellant's failure to file a

court-ordered Rule 1925(b) statement. Pennsylvania law makes clear:

> [A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. ***See Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306, 309 (1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). This Court [has] explained … that Pa.R.A.P. 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa.Super. 2020), *appeal denied*, 666 Pa. 83, 250 A.3d 468 (2021). ***See also*** Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in concise statement and/or not raised in accordance with rule are waived).

Instantly, the court issued its Rule 1925(b) order on August 7, 2024. The order makes clear that failure to comply with the court's directive will result in waiver of the claims raised on appeal. The court's order further indicates that it was served on Appellant at his place of incarceration. Nevertheless, Appellant has not filed a concise statement. On this basis, the court stated in its Rule 1925(a) opinion that all appellate issues are waived. (***See*** Rule 1925(a) Opinion, filed 10/8/24, at 1). We agree that Appellant's

issues are waived on appeal. ***See id.***[1] Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/9/2025

---

[1] We further note that Appellant's *pro se* brief is woefully underdeveloped. Although Appellant cites to rules of criminal procedure and some case law, Appellant does not explain these propositions of law in adequate detail or analyze how those rules of law are applicable to the facts of this case. This deficiency could serve as an alternate ground for waiver in this case. ***See*** Pa.R.A.P. 2119(a) (explaining required content of argument section of brief). ***See also*** Pa.R.A.P. 2101 (stating that failure to comply with briefing requirements could result in quashal or dismissal of appeal).

Regardless, in its Rule 1925(a) opinion, the court stated that even if Appellant had preserved his issues for our review, they would not merit relief for the reasons explained in the court's order and opinion denying relief. We agree with the court's rationale that Appellant is not entitled to relief, even in the absence of waiver. (***See*** Trial Court Opinion, filed 7/3/24, at 2-5) (finding that no conflict of interest existed to preclude DA's Office from reviewing Appellant's private criminal complaint against journalist Ms. Metrick; alleged facts in Appellant's private criminal complaint were insufficient as matter of law to establish offenses charged; DA's Office's procedural error in giving Appellant notice of disapproval of private criminal complaint by way of letter, instead of by stating reasons for disapproval on complaint, does not void otherwise appropriate disapproval of Appellant's private criminal complaint).